**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KATRINA J. CARPENTER,

       Plaintiff,

vs.                                                                No. CIV 10-0112 JB/WDS

STATE OF NEW MEXICO,
DEPARTMENT OF CORRECTIONS,
JOE R. WILLIAMS, ELONA CRUZ,
TIM LEMASTER, GAIL OLIVER, and
DANA ZASKODA,

       Defendants.

**ORDER**

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss, filed April 1, 2010 (Doc. 23). In a Memorandum Opinion and Order filed May 26, 2010 (Doc. 34), the Court dismissed Count I of Plaintiff Katrina J. Carpenter's Complaint for Employment Discrimination and Retaliation on the Basis of Sex and Age Under 42 U.S.C. 1983 and Other Statutes, filed February 9, 2010 (Doc. 1), alleging age discrimination and sex discrimination under Title VII, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 through § 634, because the claims were untimely and Carpenter was not entitled to equitable tolling. See Memorandum Opinion and Order at 20. The Court also dismissed the claims in Count I and Count II asserted against Defendants Joe Williams, Elona Cruz, Tim LeMaster, Gail Oliver, and Dana Zaskoda, because they cannot be held personally liable for Carpenter's Title VII and ADEA claims of discrimination and retaliation. See Memorandum Opinion and Order at 18. The Court also dismissed the retaliation claim asserted against Defendant State of New Mexico Department

of Corrections ("NMCD") in Count II because the Complaint, as pled, did not plausibly allege an adverse employment action under the pleading standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court, however, ordered that Carpenter would have "ten days from the filing of this Order to file an amended complaint to add sufficient factual detail to state a plausible claim for relief against NMCD for retaliation." Memorandum Opinion and Order at 24.

Under rule 6(a) of the Federal Rules of Civil Procedure, when a period of time is stated in days, the Court must count every day, including intermediate Saturdays, Sundays, and legal holidays, and include the last day of the period, unless that falls on a Saturday, Sunday, or legal holiday, in which case, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. See Fed. R. Civ. P. 6(a).[1] Ten days from the date of the Order -- May 26, 2010 -- is June 5, 2010. Because June 5, 2010 fell on a Saturday, Carpenter's deadline to file her amended complaint extended to the following Monday, June 7, 2010. To date, Carpenter has failed to file an amended complaint curing the pleading deficiencies to Count II of her retaliation claim asserted against NMCD. Because Carpenter has not complied with the Court's Order and has not indicated that she wishes to continue this action by amending her complaint, the Court will dismiss the case.

**IT IS ORDERED** that Plaintiff Katrina J. Carpenter's case is dismissed for lack of a complaint that states a claim for relief which the Court can properly grant.

---

[1] Under the former rule 6(a), a period of eleven days or more was computed differently than a period of less than eleven days. Intermediate Saturdays, Sundays, and legal holidays were included in computing the longer periods, but excluded in computing the short periods. Under the new rule 6(a), which went into effect on December 1, 2009, all deadlines stated in days, no matter the length, are computed in the same way. See Fed. R. Civ. P. 6(a), advisory committee notes (discussing 2009 amendments).

                                                       _____
                                                       UNITED STATES DISTRICT JUDGE

*Counsel*:

Joshua R. Simms
Albuquerque, New Mexico

>	*Attorney for the Plaintiff*

Quentin Smith
Gilkey & Stephenson, P.A.
Albuquerque, New Mexico

>	*Attorneys for the Defendant*s